RAMÓN COSME, Plaintiff and Appellant, v. PEDRO GARCÍA, Defendant and Appellee.

No. 3870. Argued May 21, 1926.—Decided July 30, 1926.

*Miguel García González* for the appellant. *F. Soto Gras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This action for damages was brought in the District Court of San Juan and the verified complaint alleged negligence on the part of the defendant. In his verified answer the defendant denied negligence and alleged that the plaintiff's

fault and negligence caused the accident on which the claim is based.

The 11th of December, 1925, having been set for the trial, neither the defendant nor his attorney, Salvador Suau, appeared and the plaintiff introduced his evidence. Judgment was rendered for the plaintiff on the next day in the sum of $2,800 and notice of it was mailed to attorney Suau by the clerk on the 15th of December. Two days later attorney F. B. Fornaris presented to the court a statement under oath to the effect that he had received the notice of the judgment on the 15th of December; that his colleague Suau had been absent from this Island for some time and the affiant was in charge of the office; that it being the practice of the clerk of the court to notify attorneys of the dates set for trials five days in advance, he thought that the clerk would notify him of the date set for the trial in this case, but is informed by the clerk that he discontinued this practice in the month of December; that even if he had received notice of the date set for the trial he would not have been able to appear because on the date set for the said trial he was forced to remain in Ponce in obedience to orders of the District Court of Ponce as a witness in a criminal case; that the defendant has a good defense on the merits of the case and is certain that if his evidence were examined the judgment of the court would be in his favor. On these grounds the said attorney prayed that under section 140 of the Code of Civil Procedure the defendant be relieved from the effects of the judgment and permitted to introduce his evidence in accordance with the allegations contained in the answer.

The district court overruled the first ground of the petition, but taking into consideration the second ground and in the interest of justice it set aside the judgment rendered and reinstated the case to its condition before the trial, conditioned on the payment by the defendant of the costs and

disbursements incurred by the plaintiff by reason of his appearance at the trial.

From that ruling the plaintiff interposed this appeal, alleging that the defendant's petition is not sufficient; that facts different from those pleaded were considered; that the fact of counsel's serving as witness in Ponce was no ground for the order, and that the court's order went beyond the defendant's prayer.

We entertain the conviction that the purposes of the law are better fulfilled in this case by setting aside the judgment rendered in the absence of the defendant and his attorney, the sworn allegations showing that there is a real issue between the parties, than by upholding a judgment against the defendant for $2,800 rendered in the absence of the defendant's attorney, who could not be present at the trial because he was subpœnaed by another district court; that the court had the power under section 140 of the Code of Civil Procedure to restore the case to its former condition, notwithstanding the fact that the defendant only prayed to be allowed to introduce his evidence, and particularly so when the order of the court was conditioned on the payment by the defendant of all the expenses incurred by the plaintiff by reason of the trial; and we can see no strong reason for holding that the lower court made an undue use of its discretional power in this case.

The order appealed from should be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.